CHAMBERS OF
BETH P. GESNER
CHIEF UNITED STATES MAGISTRATE JUDGE
MDD_BPGchambers@mdd.uscourts.gov

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-4288
(410) 962-3844 FAX

October 29, 2018

Vincent J. Piazza, Esq.
The Disability Law Center of
Robert S. Piazza, Jr.
6716 Harford Rd.
Baltimore, MD 21234

Cassia Weiner Parson, Esq.
Social Security Administration
6401 Security Blvd., Rm. 617
Baltimore, MD 21235

Subject: Byron S. v. Commissioner, Social Security Administration, Civil No.: BPG-17-3128[1]

Dear Counsel:

Pending before this court, by the parties' consent (ECF Nos. 3, 4), are Plaintiff's Motion for Summary Judgment ("Plaintiff's Motion") (ECF No. 15) and Defendant's Motion for Summary Judgment ("Defendant's Motion") (ECF No. 18). The undersigned must uphold the Commissioner's decision if it is supported by substantial evidence and if proper legal standards were employed. 42 U.S.C. §§ 405(g), 1383(c)(3); Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996), superseded by statute, 20 C.F.R. § 416.927(d)(2). I have reviewed the pleadings and the record in this case and find that no hearing is necessary. Loc. R. 105.6. For the reasons noted below, Plaintiff's Motion (ECF No. 15) and Defendant's Motion (ECF No. 18) are denied, the Commissioner's decision is reversed, and the case is remanded to the Commissioner for further consideration in accordance with this opinion.

I. **Background**

On August 26, 2014, plaintiff filed a Title II application for a period of disability and disability insurance benefits and a Title XVI application for supplemental security income, alleging disability beginning on January 1, 2014. (R. at 213, 218). His claim was initially denied on December 17, 2014 (R. at 125), and on reconsideration on June 3, 2015 (R. at 133). After a hearing held on November 8, 2016, an Administrative Law Judge ("ALJ") issued a decision on November 25, 2016 denying benefits based on a determination that plaintiff was not disabled. (R. at 17–34). The Appeals Council denied plaintiff's request for review on September 26, 2017, making the ALJ's opinion the final and reviewable decision of the Commissioner. (R. at 1–4). Plaintiff challenges the Commissioner's decision on the following grounds that: (1) the ALJ's mental residual functional capacity ("RFC") is inconsistent with the moderate limitations in concentration, persistence, pace, and social functioning, (2) the ALJ's hypothetical to the vocational expert ("VE") and the VE's response thereto was inconsistent with the Dictionary of Occupational Titles ("DOT") and Social Security Rulings 85-15 and 96-8p, (3)

---

[1] Currently, the position of Commissioner of the Social Security Administration is vacant, and most duties are fulfilled by Nancy A. Berryhill, Deputy Commissioner for Operations, performing the duties and functions not reserved to the Commissioner of Social Security.

the ALJ failed to find plaintiff's bipolar disorder to be a severe impairment, and (4) the ALJ failed to apply the borderline age category in this case.

## II.     Discussion

First, Plaintiff argues that the ALJ failed to include limitations in plaintiff's RFC that accounted for plaintiff's limitations in concentration, persistence, or pace in compliance with the Fourth Circuit's decision in Mascio v. Colvin, 780 F.3d 632 (4th Cir. 2015). (ECF No. 15 at 10). The Fourth Circuit remanded in Mascio because the ALJ's RFC assessment—and the hypothetical upon which it was based—only limited the claimant to unskilled work, despite the fact that, at Step Three of the sequential evaluation, the ALJ determined that the claimant had moderate difficulties in concentration, persistence, or pace. Id. at 637–38. The Fourth Circuit emphasized the distinction between the ability to perform simple tasks and the ability to stay on task, observing that "[o]nly the latter limitation would account for a claimant's limitation in concentration, persistence, or pace." Id. at 638. Although the Fourth Circuit noted that the ALJ's error might have been cured by an explanation as to why the claimant's moderate difficulties in concentration, persistence, or pace did not translate into a limitation in the claimant's RFC, it held that absent such an explanation, remand was necessary. Id.

Here, the ALJ's RFC assessment did not properly account for plaintiff's difficulties in concentration, persistence, or pace. The ALJ, at Step Three, found that plaintiff had moderate difficulties with regard to concentration, persistence, or pace. (R. at 21). The ALJ found that plaintiff reported having problems completing tasks and following more than short instructions and that plaintiff displayed fair concentration, insight, and judgment in August 2016. (R. at 21–22). The ALJ concluded that plaintiff was "limited to perform simple, routine tasks and occasional contacts with supervisors, coworkers, and the public." (R. at 22). The ALJ's opinion does not, however, account for the ALJ's finding of moderate difficulties in concentration, persistence, or pace such as the need for breaks, accounting for a certain percentage of time off-task, or the restriction to a non-production quota based job. See Harvey v. Berryhill, TJS-17-0808, 2018 WL 3031850 at *2 (D. Md. June 19, 2018) (distinguishing the ability to perform unskilled, repetitive work with the ability to stay on task and perform the job for a full workday and workweek). The ALJ noted that plaintiff had difficulties maintaining concentration, persistence, and pace and posed hypotheticals to the Vocational Expert accounting for being off task and needing breaks throughout the day. (R. at 21, 42). The ALJ failed, however, to include any restrictions related to that limitation in the ALJ's RFC assessment. See Martin v. Comm'r, Soc. Sec. Admin., No. SAG-15-335, 2015 WL 7295593 (D. Md. Nov. 18, 2015) (remanding case after ALJ discussed evidence pertaining to claimant's difficulties in concentration, persistence, or pace but then offered no restriction corresponding to the limitation or justified the lack of restriction given). As the Fourth Circuit noted in Mascio, "once an ALJ had made a step three finding that a claimant suffers from moderate difficulties in concentration, persistence, or pace, the ALJ must either include a corresponding limitation in her RFC assessment, or explain why no such limitation is necessary." Id. Because that did not occur in this case, I must remand the case to the Commissioner for further analysis consistent with Mascio.

Similarly, plaintiff argued that the ALJ failed to explain how moderate limitations in social functioning affect plaintiff's ability to act appropriately to co-workers, supervisors, and the public. (ECF No. 15-1 at 13). At Step Three, the ALJ must use a "special technique," which requires separate evaluations on a four-point scale of how the plaintiff's mental impairment impacts four functional areas: "activities of daily living; social functioning; concentration, persistence or pace; and episodes of decompensation." 20 C.F.R. §§ 404.1520a(a), 404.1520a(d); 20 C.F.R. §§ 404.920a(a), 404.920a(d). The ALJ must incorporate the results of the evaluations in each functional area into the ALJ's findings and conclusions. 20 C.F.R. §§ 404.1520a-(e)(2); 404.920a-(e)(2). Here, the ALJ found that plaintiff had moderate difficulties in social functioning, noting that plaintiff reported that he isolated often due to his poor vocabulary and that plaintiff exhibited guarded behavior in April 2016. (R. at 21). Accordingly, the ALJ limited plaintiff to "occasional contact with supervisors, coworkers, and the public." (R. at 22). Contrary to plaintiff's arguments, this limitation appropriately addresses plaintiff's limitations in social functioning, including his ability to respond effectively and appropriately to co-workers, supervisors, and the public. (ECF No. 15-1 at 15). See Carr v. Colvin, No. TMD-15-685, 2016 WL 4662341 at *10 (D. Md. Sept. 7, 2016) (finding that a limitation to occasional contact appropriately addressed plaintiff's moderate difficulties in maintaining social functioning, including moderate limitations in accepting instructions and responding appropriately to criticism from supervisors and marked limitations in his ability to interact appropriately with the general public). Finally, by limiting the frequency of such interactions to "occasional," the ALJ properly addressed plaintiff's limitations in his ability to respond appropriately on a sustained basis. The ALJ therefore properly addressed plaintiff's moderate limitations in social functioning, and plaintiff's arguments are without basis to remand.

Next, plaintiff argues that the ALJ failed to resolve a conflict between the VE's testimony and the DOT. (ECF No. 15-1 at 16). As discussed above, the ALJ limited plaintiff to simple, routine tasks in his RFC. Here, the VE testified and the ALJ found that plaintiff could perform the positions of inspector and packager, both of which have a General Education Development ("GED") Reasoning Code of 2, requiring the individual to "apply commonsense understanding to carry out detailed but uninvolved written or oral instructions." (ECF No. 15-1 at 17). Plaintiff argues that there is a conflict between an RFC that limits plaintiff to simple tasks and GED Reasoning Code 2, which requires an individual to carry out detailed instructions. Id. To support his argument, plaintiff cites to Henderson v. Colvin, 643 F. App'x 273 (4th Cir. 2016) (unpublished), where the Fourth Circuit held that the ALJ erred by relying on the VE's testimony that there was no conflict between his testimony and the DOT, when there was a conflict between "an RFC that limits [plaintiff] to one-two step instructions and GED Reasoning Code 2, which requires the ability to understand detailed instructions." 643 F. App'x at 277. This court, however, has "repeatedly found that occupations with a reasoning level of 2 are consistent with a claimant's ability to perform simple, routine work." Silver v. Comm'r Soc. Sec. Admin, No. SAG-15-3453, 2016 WL 6126298, at *5 (D. Md. Oct. 20, 2016) (citing Michel v. Comm'r Soc. Sec. Admin., No. SAG-13-2311, 2014 WL 2565900, at *3 (D. Md. June 5, 2014); Blum v. Comm'r Soc. Sec. Admin., No. SAG-12-1833, 2013 WL 2902682, at *3 (D. Md. June 11, 2013)). This court has also held that "Henderson is distinguishable from the instant case because the ALJ did not limit [plaintiff's] RFC to 'one-to-two step instructions,' but rather to 'simple,

routine tasks." Id. Accordingly, the ALJ properly relied on the VE's testimony that an individual with plaintiff's RFC could perform light jobs including inspector and packager. (R. at 74-75).

Plaintiff similarly argues that the ALJ failed to identify conflicts between the VE's testimony and the DOT regarding issues such as being off task, breaks, absenteeism, use of assistive devices, and positions with a sit/stand option. (ECF No. 15-1 at 18-19). Specifically, plaintiff argues that the VE incorrectly stated that his testimony was consistent with the DOT when the DOT does not address these issues. Id. Here, the ALJ "asked the vocational expert whether jobs exist in the national economy for an individual with the claimant's age, education, work experience, and residual functional capacity." (R. at 29.) The VE identified three DOT-defined occupations for which plaintiff is qualified. (R. at 75–76). The VE also accounted for limitations in sitting and standing and opined on customary employer tolerances for unexcused or unscheduled absences, the number and length of breaks, and percentage of off-task time. Id. The ALJ noted that the VE's testimony was, at times, inconsistent with the DOT, but found that the VE testified that, "where his testimony differed from the DOT, he based his opinions on his professional experience, which includes over twenty-five years of performing vocational rehabilitation tasks such as vocational evaluation and job placement," and therefore gave great weight to the VE's testimony, "including elements not contained in the DOT." (R. at 29). The ALJ's reliance on the VE's testimony regarding available work was therefore reasonable.

Plaintiff also argues that the ALJ erred by failing to find plaintiff's bipolar disorder with psychotic features to be a severe impairment at Step Two. (ECF No. 15-1 at 19). At Step Two of the sequential analysis, the ALJ must determine whether the claimant has "any impairment or combination of impairments which significantly limits [his] physical or mental ability to do basic work activities." 20 C.F.R. § 404.1520(c). Even where an ALJ does not expressly address at Step Two whether a purported impairment is severe, "there is no prejudice to the claimant if the ALJ sufficiently considers the effects of that impairment at subsequent steps." Fountain v. Astrue, No. CBD-11-1884, 2013 WL 145873, at *4 (D. Md. Jan. 11, 2013).

Here, the ALJ found plaintiff's degenerative disc disease of the lumbar spine, degenerative joint disease, chronic obstructive pulmonary disease ("COPD"), obstructive sleep apnea, obesity, alcohol use disorder, and cannabis use disorder to be severe. (R. at 19). The ALJ found that plaintiff's shoulder pain, hand injury, and cardiovascular impairment were not severe, and that plaintiff's observations of foot swelling, mild leg edema, and diminished peripheral pulses in the right foot did not represent a medically determinable impairment. (R. at 19-20). The ALJ failed, however, to analyze plaintiff's bipolar disorder at all at Step Two. (R. at 19-20). Furthermore, the ALJ failed to consider the effects of this impairment at subsequent steps. While the ALJ discussed plaintiff's mental impairments at Step Three, to determine whether plaintiff's impairments met the criteria of Listings 12.04, 12.06, and 12.09, the ALJ failed to mention plaintiff's bipolar disorder and his complaints of suicidal ideations, auditory hallucinations, and mood swings. (R. at 369, 371). Similarly, while the ALJ discussed plaintiff's mental impairments at Step Four, the ALJ again failed to mention plaintiff's bipolar disorder and his complaints of suicidal ideations and mood swings. The court, therefore, cannot

conclude that the ALJ's determination that plaintiff's bipolar disorder with psychotic features was not severe was supported by substantial evidence, and thus, remand is appropriate on this issue.

Finally, plaintiff argues that the ALJ erred by failing to apply the "borderline age rule." (ECF No. 15-1 at 22.) Specifically, plaintiff suggests that if he were to be considered in the "advanced age" category, a finding of disability would have been warranted pursuant to Medical Vocational Guidelines 202.01 or 202.02. Id. "If a claimant is within a few days to a few months of reaching an older age category . . . and using the higher age category would result in a determination of decision that the claimant is disabled, SSA will consider whether to use the higher age category after evaluating the overall impact of all the factors of the case." Social Security Administration Hearings, Appeals and Litigation Law Manual ("HALLEX"), II-2-2-42. The word "few" is defined to mean "a small number" and "a few days to a few months" is generally considered to mean "a period not to exceed six months," measured from the "date of adjudication; date last insured; end of disabled widow(er)'s benefit prescribed period; end of child disability re-entitlement period; or date of cessation of disability." Id. Here, on the date of adjudication, November 25, 2016, plaintiff was 54 years, 9 months, and 7 days old, placing him "within a few days to a few months of reaching an older age category." (R. at 27).

Next, the ALJ must determine whether using the higher age category will result in a decision of "disabled" instead of "not disabled." HALLEX, II-2-2-42. If the higher age category applied, Medical-Vocational Rule 202.02 would control. (R. at 28). This Rule "indicates that an individual is disabled if he is of advanced age, with limited or less education, and skilled or semiskilled work history without transferable skills." Id.; 20 C.F.R. Pt. 404, Subpt. P, App. 2. Here, the ALJ found that these factors did not warrant application of the higher age category, and therefore a finding of disability. (R. at 28). The ALJ specifically found that while plaintiff had only one semiskilled job with several other unskilled jobs in his past relevant work, placing him at the lower end of work experience, plaintiff testified that his work experience spanned different, not isolated industries, which indicated some breadth of work experience. Id. Additionally, the ALJ noted that plaintiff had a ninth-grade education, which falls in the middle of this "limited" education category. Id. Finally, the ALJ found that the VE testified that several types of jobs remained at the light level, despite plaintiff's limitations. Id. Accordingly, the ALJ did not err in failing to apply the higher age category.

### III. Conclusion

For the reasons stated above, Plaintiff's Motion (ECF No. 15) and Defendant's Motion (ECF No. 18) are DENIED. Pursuant to sentence four of 42 U.S.C. § 405(g), the Commissioner's judgment is REVERSED due to inadequate analysis. The case is REMANDED for further consideration in accordance with this opinion.

Despite the informal nature of this letter, it will constitute an Order of the court and will be docketed accordingly.
.

Very truly yours,

/s/

Beth P. Gesner
Chief United States Magistrate Judge